**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BULSON, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 16 CV 50045 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| GEORGE HELMOLD, *et al.*, | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION

    It is this Court's Report and Recommendation that a good-faith finding be entered as to the settlement between plaintiff Charles Bulson and defendant Paul Kuhn pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2(d).

    According to the Third Amended Complaint, defendants George and Joanne Helmold, Randall and Paul Lowman, and the Linda Ripper Trust, all owned land adjacent to the plaintiff's property. Defendant Paul Kuhn farmed the Lowman's property. The plaintiff alleges that Kuhn, George Helmold, and Helmold's son, also a defendant, cut down trees on the plaintiff's property at the direction of the adjacent landowners, even though the plaintiff had denied them permission to do so. The plaintiff alleges that the damage caused by cutting down the trees and the costs to replace the trees total $65,200, but that statutory damages under the Illinois Wrongful Tree Cutting Act would be $135,000 and that punitive damages are also available for the tort of trespass.

    The plaintiff previously accepted an offer of judgment from the Lowman defendants in the amount of $8,500.00. Dkt. 139.

    Before the Court is a motion by defendant Paul Kuhn asking the Court to determine that under the Joint Tortfeasor Contribution Act, his agreement with the plaintiff to settle for $25,000.00 was reached in good faith. The three Helmold defendants and the Linda Ripper Trust all object. Dkt. 146.

    Initially, the parties seeking a good-faith finding carry the burden to show the settlement was made in good faith. *Johnson v. United Airlines*, 784 N.E.2d 812, 820 (Ill. 2003). Once that showing has been made, the opposing party bears the burden of showing by a preponderance of the evidence that the settlement was not in good faith. *Id.* Illinois courts consider the totality of the circumstances in determining if the settlement was made in good faith. *Id.* at 821. Illinois courts consider, among other things, the following factors: (1) whether the amount paid was within a reasonable range of the settlor's fair share, (2) whether there was a close personal relationship between the settling parties, (3) whether the plaintiff sued the settlor, and (4)

whether a calculated effort was made to conceal information regarding the circumstances of the settlement agreement. *LaJeunesse v. Ford Motor Co.*, 642 F. Supp. 2d 835, 838 (N.D. Ill. 2009) (citing *Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 449 (1st Dist. 2000)).

The Court finds that the settling parties have met their initial burden of showing good faith. To begin, the settlement agreement attached to defendant Kuhn's motion appears to be a legally valid settlement agreement, meeting the threshold requirement under *Johnson*. *Johnson*, 784 N.E.2d at 820 ("At a minimum, the settling parties must show the existence of a legally valid settlement agreement."). Beyond that, the proposed settlement amount of $25,000 is a significant portion of the alleged $65,200 cost to repair the damage caused by cutting the trees. Given the number of other defendants, and the costs and risks to be avoided by settling now, the $25,000 settlement amount is within a reasonable range of Kuhn's fair share of potential liability

The Court also finds that the objecting parties have failed to meet their burden of showing by a preponderance of the evidence that the settlement was not in good faith. The Helmolds and Linda Ripper Trust have not identified any close relationship between the settling parties, or any effort to conceal information about or the circumstances surrounding the settlement. To the contrary, when requested by counsel for the objecting parties during the hearing on the motion, counsel for the settling parties explained how they arrived at that settlement amount.

During the hearing the objecting parties' counsel clarified that the objection was based not only on the settlement amount, but also the objecting parties' desire that the $25,000 paid by Kuhn and the $8,500 paid by the Lowmans be used as setoffs for any liability the objecting parties ultimately face. However, the issue of setoffs is premature because the liability the Helmolds and the Trust face, if any, has not yet been determined, and so there is nothing to set off. In any event, the issue of setoffs is governed by the Joint Tortfeasor Contribution Act itself, and the objecting parties have identified no authority for their proposition that a court can deny a good faith determination because setoffs have not yet been ordered.

Defendants George and Joanne Helmold and the Linda Ripper Trust have until September 12, 2018, to file any objections to this Report and Recommendation. The failure to file an objection may result in their waiver of the issue decided. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Entered: August 29, 2018. By: _____
Iain D. Johnston
United States Magistrate Judge