# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Charles Bulson, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 16 C 50045 |
| | ) | |
| George Helmold, <u>et al.</u>, | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## <u>ORDER</u>

The court has reviewed the magistrate judge's report and recommendation (R&R), <u>de novo</u>, and agrees with the findings and conclusions. Accordingly, the objection from the Helmold defendants [166] is overruled. The court grants defendant Kuhn's motion for good faith finding [140] in its entirety.

## <u>STATEMENT</u>

Plaintiff, Charles Bulson, brings this action under state tort law and further seeks injunctive relief, claiming that defendants, George Helmold, Joanne Helmold, National Bank & Trust Company of Sycamore, as trustee of a trust agreement dated March 25, 1994 and known as Trust # 40-408600, George Helmold, Jr. ("the Helmold defendants"),[1] and Paul Kuhn, trespassed on his property when they cut down trees on his property. Before the court is the Helmold defendants' objection to the magistrate judge's Report and Recommendation ("R&R") that a good-faith finding be entered as to the settlement between plaintiff and defendant Kuhn pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2(d). For the reasons stated below, the court overrules the Helmold defendants' objection to the R&R and adopts the R&R in its entirety.

## I. BACKGROUND

The facts pertinent to the underlying case are taken directly from the R&R:

According to the Third Amended Complaint, defendants George and Joanne Helmold, Randall and Paul Lowman, and the Linda Ripper Trust, all owned land adjacent to the plaintiff's property. Defendant Paul Kuhn farmed the Lowman's property. The plaintiff alleges that Kuhn, George Helmold, and Helmold's son, also a defendant, cut down trees on the plaintiff's property at the direction of the adjacent landowners, even though the plaintiff had denied them permission to do so. The

---

[1]The court acknowledges that Trust # 40-408600 is not connected to the Helmold defendants, but for purposes of this order, includes it with the Helmold defendants as the parties do.

plaintiff alleges that the damage caused by cutting down the trees and the costs to replace the trees total $65,200, but that statutory damages under the Illinois Wrongful Tree Cutting Act would be $135,000 and that punitive damages are also available for the tort of trespass.

Plaintiff brings a complaint against defendants pleading trespass, violation of the Illinois Wrongful Tree Cutting Act ("WTCA"), 740 ILCS 185/0.01, et seq., negligence, and claims for declaratory judgment and injunctive relief. After a series of counterclaims and cross-claims filed by different parties that included the Helmold defendants filing a third-party complaint against Paul Kuhn, plaintiff and Kuhn reached a settlement ("the Settlement") in the amount of $25,000. On May 21, 2018, Kuhn moved for the court to enter a finding that the Settlement was reached in good faith under the Joint Tortfeasor Contribution Act. On August 29, 2018, the magistrate judge issued an R&R recommending that the court grant the motion. The Helmold defendants timely objected to the R&R.

## II. ANALYSIS

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1); Saucedo v. Ill. Dep't of Corr., No. 15 C 50136, 2017 WL 2274934, at *1 (N.D. Ill. May 25, 2017). The court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); Farmer v. DirectSat USA, No. 08-cv-3962, 2015 WL 13310280, at *1 (N.D. Ill. Sept. 24, 2015).

> De novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

Mendez v. Republic Bank, 725 F.3d 651, 661 (7th Cir. 2013). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with de novo review." Id. That said, "[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 760 (7th Cir. 2009).

The Illinois Joint Tortfeasor Contribution Act creates a statutory right of contribution in actions "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property," 740 ILCS 100/2(a), to the extent that a tortfeasor pays more than his pro rata share of the common liability, 740 ILCS 100/2(b). In addition,

> [w]hen a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury . . . it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms so provide but it reduces the recovery on any claim against the others to the extent

of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

740 ILCS 100/2(c).

The "good faith" requirement is the only limitation that the Contribution Act places on settlements. 740 ILCS 100/2(d); Johnson v. United Airlines, 203 Ill. 2d 121, 126 (2003). The Illinois Supreme Court has held that a settlement is not in good faith if: (1) "the settling parties engaged in wrongful conduct, collusion, or fraud"; or (2) the settlement "conflicts with the terms of the Act or is inconsistent with the policies underlying the Act." Id. at 134. The policies underlying the Contribution Act are "the encouragement of settlements" as well as "the equitable apportionment of damages among tortfeasors." Id. at 133.

Settling parties that seek to overcome challenges to their settlement agreements pursuant to the Contribution Act bear the burden of demonstrating a preliminary showing of good faith, which may be accomplished by producing a valid settlement agreement. Johnson, 203 Ill. 2d at 131. Not all legally valid settlement agreements satisfy the preliminary good faith requirement, however; in some cases, a settling party must put forth additional factual evidence to make this preliminary showing. Id.; see also Custer v. Cerro Flow Prods., Inc., 2018 IL App (5th) 160161, ¶ 68 ("In determining whether a settlement agreement is legally valid, the court may consider a number of factors, including the nature of the good-faith proceedings, the manner in which the settling parties obtained approval of the settlement, the terms of the settlement, and whether the settlement was obtained with the informed consent of the individual plaintiffs and without internal conflicts of interest."). Here, however, the Helmold defendants do not dispute that plaintiff has produced a legally valid settlement, and the court finds that plaintiff has met its preliminary burden.

Next, "the party challenging the good faith of the settlement need prove the absence of good faith by a preponderance of the evidence." Johnson, 203 Ill. 2d at 132. In addition to the Johnson factors, courts consider the "totality of the circumstances" in determining whether a settlement satisfies the good-faith requirement. Mercola v. Abdou, 223 F. Supp. 3d 720, 732 (N.D. Ill. 2016) (quoting Johnson, 203 Ill. 2d at 135). This includes

(1) whether the amount paid by the settling tortfeasor was within the reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement.

LaJeunesse v. Ford Motor Co., 642 F. Supp. 2d 835, 838 (N.D. Ill. 2009).

The Helmold defendants object on two grounds: that the Settlement was not "within the reasonable range," see id., and also that plaintiff's omission of the Helmold defendants' right to a statutory setoff "conflicts with the terms of the Act or is inconsistent with the policies underlying

the Act," see Johnson, 203 Ill. 2d at 134.[2]

**1. Whether the Settlement was Within a Reasonable Range of Kuhn's Fair Share**

The Helmold defendants object to the R&R on the ground that the settlement amount was not within a reasonable range of Kuhn's fair share, arguing that the magistrate judge should have considered the trebling effect imposed by the WTCA, 740 ILCS 185/2,[3] when determining whether the $25,000 settlement amount was a "significant portion" of the alleged $65,200 alleged damages.

The Helmold defendants make no attempt to rebut the well-established law in Illinois that "the disparity between the settlement amount and the ad damnum in the complaint is not an accurate measure of the good faith of a settlement. Nor does the small amount of the settlement, alone, require a finding of bad faith." Johnson, 203 Ill. 2d at 136-37 (citation omitted); see also id. at 137 ("The amount of a settlement must be viewed in relation to the probability of recovery, the defenses raised, and the settling party's potential legal liability."); Jessee v. Amoco Oil Co., 230 Ill. App. 3d 337, 346-47 (1992) (noting that disparities in "the ultimate cost do[ ] not signal bad faith; the mere fact that a settlement agreement may have been advantageous to a party is not necessarily an indicium of bad faith"). Whether the $25,000 amount is compared to $62,500 or $135,000, nothing about this disparity in and of itself runs contrary to the policies underlying the Contribution Act. See Smith v. Capital Fitness, Inc., 2014 IL App (1st) 132188-U, ¶ 24 ("We cannot conclude that a settlement amount of $375,000 from each third-party defendant, in this case where $6 million in total damages is demanded, indicates bad faith by the parties to the settlement."); see also Conner v. Ford Motor Co., No. 07-0122-DRH, 2009 WL 1884456, at *4 (S.D. Ill. July 6, 2009) (noting that while "a disproportionately small settlement amount relative to a tortfeasor's culpability may be a factor indicating a lack of good faith," it is merely one factor as part of the totality-of-the-circumstances test).

Instead, the Helmold defendants cite Marsella v. Shaffer, 324 Ill. App. 3d 134 (2001), for the proposition that after the stumpage value is determined it is to be tripled by the trier of fact because the trebling effect under the WTCA is automatic and should be considered when determining whether or not the settlement was within a reasonable range. But Marsella has nothing to do with how the WTCA's or any other statute's trebling provisions factor into the "good faith" analysis for settlement agreements under the Contribution Act. Taking the totality of the circumstances into consideration, the simple disparity between the $25,000 settlement and the potential $135,000 liability of the Helmold defendants does not amount to a preponderance of the evidence in the

---

[2]As an alternative ground for sustaining their objection, the Helmold defendants argue that plaintiff alleges an indivisible harm in his complaint and then argues that that harm is divisible and thus within the reasonable range of settlement, which, according to defendants, cannot support a finding of good faith. The court will not consider this argument because it first appears in defendants' reply brief and was not raised in the response. See James v. Sheahan, 137 F.3d 1003, 1008 (7th Cir. 1998) ("Arguments raised for the first time in a reply brief are waived."); accord Help At Home, Inc. v. Med. Capital, L.L.C., 260 F.3d 748, 753 n.2 (7th Cir. 2001); O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 983 n.1 (7th Cir. 2001).

[3]The WTCA provides that "[a]ny party found to have intentionally cut or knowingly caused to be cut any timber or tree which he did not have the full legal right to cut or caused to be cut shall pay the owner of the timber or tree 3 times its stumpage value." 740 ILCS 185/2.

Helmold defendants' favor. Thus, the court overrules the Helmold defendants' objection to the R&R on this ground.

## 2. Whether Plaintiff's Refusal to Include Terms of a Setoff in the Settlement Violates the Contribution Act's Policy of Ensuring Equitable Apportionment of Damages

The Helmold defendants also argue that plaintiff's refusal to include in the Settlement that the Helmold defendants would receive a setoff subsequent to the rendering of any verdict against them, in combination with plaintiff's counsel informing the Helmold defendants' counsel that plaintiff's position is that the Helmold defendants are not entitled to a set-off, are not grounds for a finding of bad faith. Specifically, the Helmold defendants cite BHI Corp. v. Litgen Concrete Cutting & Coring Co. to argue that plaintiff would not refuse to agree to the setoff if they were settling in good faith, citing one of the two policies behind the Contribution Act, to ensure the equitable apportionment of damages. 214 Ill. 2d 356, 365 (2005) ("[The Act] provid[es] that the amount that the plaintiff recovers on a claim against any other nonsettling tortfeasors will be reduced or set off by the amount stated in the settlement agreement."). But central to the holding of BHI was the notion that the settlement at issue allowed the settling defendants to accomplish indirectly that which they could not do directly—that is, to recover from the nonsettling defendant. Id. at 361. Similarly, in Dubina v. Mesirow Realty Development, Inc., also cited by the Helmold defendants, the settlement involved settling defendants that stood to recoup $4.5 million because the plaintiffs, as a condition of the settlement, assigned their causes of action against the non-settling defendants to the settling defendants. 197 Ill. 2d 185, 187 (2001). This configuration violated the policies underlying the Contribution Act because it "deprive[d] [the nonsettling defendant] of its statutory right to a setoff." Id. at 195 (emphasis added).

Neither Dubina nor BHI help the Helmold defendants here. The Helmold defendants are not arguing that the terms of the Settlement are depriving them of a setoff. Rather, their argument is essentially that the settling parties' refusal to include terms pertaining to the setoff in the Settlement implies that they are not acting in good faith. But this cannot constitute an attempt by the settling parties to subvert the "equitable apportionment of damages" principle because there has been no finding their either defendant is "liable in tort" for the "same injury." 740 ILCS 100/2(c); see Rivers v. Cent. Ill. Arena Mgmt., Inc., 129 F. Supp. 3d 643, 654 (C.D. Ill. 2015) (quoting Vroegh v. J & M Forklift, 165 Ill. 2d 523, 528 (1995)) ("[S]ome basis for liability to the original plaintiff must exist. If a defendant is not a tortfeasor vis-a-vis the original plaintiff, it cannot be a joint tortfeasor vis-a-vis a codefendant and may not be held liable to that codefendant for contribution." (emphases omitted)). Indeed, the magistrate judge was correct to note that there would not have been a reason for the settling parties to include anything related to a setoff in the Settlement because "the liability the Helmolds and the Trust face, if any, has not yet been determined, and so there is nothing to set off." As such, the Helmold defendants have not met their burden to show by a preponderance of the evidence that the Settlement lacked good faith.

## III. CONCLUSION

The court has reviewed the magistrate judge's R&R, de novo, and agrees with the findings and conclusions. Accordingly, the objection from the Helmold defendants is overruled. The court adopts the R&R in its entirety. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Date: 11/2/2018                    ENTER:

_____

FREDERICK J. KAPALA

District Judge